THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No. 1:21-cr-00046-RDM-3 |
| ) | |
| GARY WILSON,        ) | |
| *Defendant*.   ) | |

## MOTION IN LIMINE TO EXCLUDE
## ATTORNEY-CLIENT COMMUNICATIONS AND REFERENCES TO THEM

Gary Wilson, by and through undersigned counsel, respectfully submits this Motion in Limine to Exclude Attorney-Client Communications and References to Them. In support of this Motion, counsel state the following.

### STATEMENT OF FACTS

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████

### ARGUMENT

The attorney-client privilege is grounded in a defendant's right to counsel under the Sixth Amendment to the United States Constitution. *See United States v. Blasco*, 702 F.2d 1315, 1329 (11th Cir. 1983). Confidential communications made between an attorney and a client for the

---

████████████████████████

1

purpose of legal representation are protected by the attorney-client privilege. The client is the holder of the attorney-client privilege; accordingly, the privilege can only be waived voluntarily by the client, where the client gives informed consent for the attorney to make a disclosure, or under circumstances where the attorney would reasonably believe the client would authorize such waiver of the privilege to facilitate legal representation, *see* ABA Model Rules of Professional Conduct Rule 1.6(a). The party asserting waiver has the burden of producing evidence that waiver occurred. *See* Restatement (Third) of the Law Governing Lawyers § 86(3).

A number of exceptions exist to the attorney-client privilege, such as the crime-fraud exception. *See Clark v. United States*, 289 U.S. 1, 15, 53 S. Ct. 465, 469 (1933); *see also In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir. 1986) (stating that reasons for privilege are "completely eviscerated when a client consults an attorney not for advice on past misconduct, but for legal assistance in carrying out a contemplated or ongoing crime or fraud").

The crime-fraud exception applies where (i) the proponent makes a prima facie showing that the client was committing or intending to commit a crime or fraud when he sought his attorney's advice; and (ii) the proponent makes a showing that the client made or received the communication with the intent to further the crime or fraud, *see In re Sealed Case*, 107 F.3d 46, 49 (D.C. Cir. 1997). *See In re Grand Jury Subpoena*, 745 F.3d 681, 693 (3d Cir. 2014) (providing that, to be "in furtherance" of crime or fraud, attorney's advice must advance or client must intend advice to advance client's criminal or fraudulent purpose).

Regarding the first prong, the government has the burden of making a prima facie showing that the communications were in furtherance of an intended or present illegality and that there is some relationship between the communications and the illegality. *See In re Sealed Case*, 754 F.2d 395, 399 (D.C. Cir. 1985).

As it relates to the second prong, it is the client's purpose or intent which is controlling. *See United States v. Calvert*, 523 F.2d 895, 909 (8th Cir. 1975) (citations omitted); *see also United States v. Doe*, 429 F.3d 450, 453, 454 (3d Cir. 2005) (providing that privilege is not lost if client innocently proposes course of conduct and is advised by counsel that it is illegal); *In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996) (providing that it is not enough for government to show "sneaking suspicion" that client was intending to engage in crime when consulting attorney, because such a low threshold could discourage would-be clients from consulting attorney about legitimate legal dilemmas); *see also United States v. Segal*, No. 02-CR-112, 2004 WL 830428, at *7 (N.D. Ill. Apr. 16, 2004) (concluding that crime-fraud exception did not apply to communications that "do not include any explicit or implicit requests for improper legal advice," even if they might be evidence of a crime or fraud). Accordingly, the exception does not apply if the client engages in criminal or fraudulent conduct pursuant to his attorney's erroneous advice that such conduct is lawful. *See* Advisory Comm. Notes to Proposed-but-Rejected FRE 503(d)(1) (explaining that requirement that client "knew or reasonably should have known of the criminal or fraudulent nature of the act is designed to protect the client who is erroneously advised" that proposed action is legal); *see also, e.g.*, *Milroy v. Hanson*, 902 F. Supp. 1029, 1032 (D. Neb. 1995) (stating that the Eighth Circuit follows FRE 503(d)(1)).

As a preliminary matter, ███████████████████████████████████ ███████████████████████████ were improperly disclosed and did not waive the attorney-client privilege, even in light of Mr. Wilson's involuntary disclosures earlier that day, *see* Exhibit B.

███████████████████████████████████████████████████████████
███████████████████████████████████████████

3

████████████████████████████████████████████████████████████████████

████████████████ At no point did Mr. Wilson elicit advice to further any ongoing or future crime or fraud. Indeed, the evidence directly refutes the possibility Mr. Wilson would contemplate that his purported conduct was wrongful, ████████████████████████████████████████████

████████

## CONCLUSION

In light of the above, Gary Wilson requests that this Court exclude all communications between Mr. Finn and Mr. Wilson and references thereto for any purpose.

Respectfully submitted,

_____/s/_____
David Benowitz, D.C. Bar No. 451557
Amy C. Collins, D.C. Bar No. 1708316
Price Benowitz, LLP
409 7th Street, NW, Suite 200
Washington, D.C. 20004
(202) 417-6000
David@pricebenowitz.com
AmyC@pricebenowitz.com

*Counsel for Gary Wilson*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August 2023, I have served this Motion upon all parties in this matter through the CM/ECF system.

_____/s/_____
David Benowitz