THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:21-cr-00046-RDM-3 |
| **GARY WILSON,** | ) | |
| *Defendant*. | ) | |

## MOTION IN LIMINE TO EXCLUDE STATEMENTS BY OTHERS

Gary Wilson, by and through undersigned counsel, respectfully submits this Motion in Limine to Exclude Statements by Others. In support of this Motion, counsel state the following.

### BACKGROUND

The government intends to introduce various statements by Mr. Wilson's co-defendants and miscellaneous members of the crowd on or relating to January 6, 2021. The Court should exclude any statement by a co-defendant, member of the crowd, or other person (e.g., Mr. Wilson's co-defendants' social media friends, Mr. Wilson's co-defendants' phone contacts) offered against Mr. Wilson as irrelevant and substantially more prejudicial than probative.

### ARGUMENT[1]

To be admissible, evidence must be relevant. *See* FRE 402. Evidence is relevant if it has a tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence. *See* FRE 401.

Federal Rule of Evidence 403 provides that a judge may exclude otherwise relevant evidence where its probative value is substantially outweighed by the possibility of unfair

---

[1] As a preliminary matter, there are a plethora of statements made by Mr. Wilson's co-defendants and the members of the crowd that would fall victim to the rule against hearsay. *See, e.g.*, Exhibit A.

prejudice (via injecting emotionalism into the proceeding or via increasing the likelihood that the jury will misuse evidence in some way or give it undue weight), *see United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (citation omitted), confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. In making a determination under Rule 403, a judge may consider factors such as the centrality of the point to be proved, *see United States v. Herman*, 589 F.2d 1191, 1198 (3d Cir. 1978) (noting that a court should consider the extent to which the proposition is directly at issue), the need for particular evidence, *see United States v. Cook*, 538 F.2d 1000, 1004 (3d Cir. 1976) (providing that the court must consider the government's "actual need for that evidence"), the availability of alternative sources of proof, *see* Advisory Comm. Notes to Fed. R. Evid. 403 ("The availability of other means of proof may also be an appropriate factor."), and the likelihood that the jury will understand and follow a limiting instruction under Federal Rule of Evidence 105, *see United States v. Figueroa*, 618 F.2d 934, 943-944 (2d Cir. 1980).

    The decisive issue in this case is intent. Any statement made by a person other than Mr. Wilson has no bearing on Mr. Wilson's intent, particularly since these individuals barely know each other, if at all, and Mr. Wilson is not being charged with conspiracy. Their admission would prejudice Mr. Wilson beyond what the actual evidence in his case shows by associating him with statements attributed to those with all sorts of different intents and motives. Such statements are not central to the case, are not needed by the government, and would certainly result in significant harm that cannot be undone or preempted by any limiting instruction. Indeed, with the admission of others' statements as proof of Mr. Wilson's guilty mind, the Court would teeter into what is prohibited guilt by association or proximity.

Respectfully submitted,

_____/s/_____
David Benowitz, D.C. Bar No. 451557
Amy C. Collins, D.C. Bar No. 1708316
Price Benowitz, LLP
409 7th Street, NW, Suite 200
Washington, D.C. 20004
(202) 417-6000
David@pricebenowitz.com
AmyC@pricebenowitz.com

*Counsel for Gary Wilson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August 2023, I have served this Motion upon all parties in this matter through the CM/ECF system.

_____/s/_____
David Benowitz

4